**UNITED STATES DISTRICT COURT**

MIDDLE DISTRICT OF FLORIDA — TAMPA DIVISION

**CARLOS GARCIA,**
  Plaintiff,

v.

**WELLS FARGO BANK, N.A.; CHARLES SCHARF; MICHAEL SANTOMASSIMO; WILLIAM DALEY; SCOTT POWELL; ELLEN PATTERSON; RICHARD LEVY; GREENBERG TRAURIG, LLP; SANDRA FAMADAS; BRODERICK PERKINS; BIANCA LEON; RYAN T. HOPPER; MERSCORP HOLDINGS, INC.; LPS/BLACK KNIGHT, INC.; NATIONWIDE TITLE CLEARING, INC.; OCWEN FINANCIAL CORP.; DOE NOTARY AGENTS 1–5; and DOE STATE ACTORS 6–10,**
  Defendants.

Case No. __8:25cv 2227-TPB-SPF__

**VERIFIED COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF**

(ADA Title II; 42 U.S.C. §§ 1983, 1985; Florida Mortgage Fraud/Forgery; Quiet Title)

Plaintiff **Carlos Garcia**, pro se:

---

## I. INTRODUCTION

1. This civil action arises from a coordinated scheme of **forged mortgage assignments, fraudulent lien enforcement, and ADA retaliation** executed while Plaintiff—an ADA-protected, terminal cancer patient—was undergoing chemotherapy. Defendants used forged instruments and court-process gamesmanship to **obstruct a state-ordered sale** of Plaintiff's homestead, the proceeds of which fund his **life-saving medical care.**

2. **Plaintiff seeks** (a) compensatory and punitive damages; (b) a **declaratory judgment** voiding the forged/fraudulent mortgage assignments and quieting title as appropriate; and (c) **narrowly tailored injunctive relief** consistent with the Emergency TRO, namely:

   **(i)** an order **enjoining Wells Fargo** and those acting in concert from **interfering in any manner** with marketing, contracting, closing, title transfer, or title insurance issuance for the sale of Plaintiff's homestead at 7803 Mathern Court;



**(ii)** upon closing, **direct that all net sale proceeds be deposited into the existing escrow arrangement referenced and authorized by the March 10, 2025 Manatee County order**, to be held **pending final judgment, without further disclosure of escrow terms or additional court-imposed conditions**, and **without prejudice** to any party's lien, claim, or defense; and

**(iii)** a clarification that this relief **preserves the status quo without prejudice** to any party's lien, claim, or defense, and is **consistent with** the March 10, 2025 state-court order recognizing Plaintiff's ADA hardship, exclusive possession, and sale authority.

Plaintiff further seeks **costs and reasonable attorneys' fees** under **42 U.S.C. §§ 12205 and 1988**, and such other and further relief as the Court deems just and proper.

## II. JURISDICTION & VENUE

3. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1343. Claims arise under **ADA Title II (42 U.S.C. § 12132); 42 U.S.C. §§ 1983, 1985**; and related federal law. Supplemental jurisdiction lies under 28 U.S.C. § 1367 for state-law claims (fraud, forgery, quiet title).

4. Venue is proper under 28 U.S.C. § 1391(b). The property, records, and events at issue are in **Manatee County, Florida** (within the Tampa Division).

## II-A. NON-ABSTENTION & CASE POSTURE

This action **does not seek review or reversal of any final state-court judgment**. Plaintiff challenges **independent, ongoing misconduct** (forged/void mortgage assignments; ADA access denial; retaliation) and seeks **prospective relief** that **enforces—rather than modifies—the March 10, 2025 state order** authorizing Plaintiff to sell the property. No domestic-relations issues are presented; no parallel state merits proceeding is pending on these federal claims. The requested injunction **preserves the status quo** and protects access to medical care **without interfering with** the state court's authority.

## III. PARTIES

5. **Plaintiff Carlos Garcia** is a Florida resident, owner of 7803 Mathern Court, Lakewood Ranch, FL. He is **ADA-protected**, diagnosed with **Gleason 8 metastatic prostate**

terminal cancer. (Ex. B – Medical Letters.)

6. **Wells Fargo Bank, N.A.** is a national bank with principal place of business in California, doing business in Florida, claiming foreclosure/collection rights on Plaintiff's property.

7. **Charles Scharf** (CEO), **Michael Santomassimo** (CFO), **William Daley** (Vice Chair), **Scott Powell** (Senior Executive), **Ellen Patterson** (General Counsel), and **Richard Levy** (Chief Accounting/Finance) are senior **Wells Fargo executives**. On information and belief, they exercised oversight and ratification over foreclosure policies, vendor relationships (MERS, LPS/Black Knight, NTC), and litigation tactics material to the wrongful conduct alleged herein. Named **in their individual capacities** for supervisory liability, approval, or willful blindness to systemic fraud/retaliation.

8. **Greenberg Traurig, LLP** is a law firm with offices in Florida. **Sandra Famadas, Broderick Perkins, Bianca Leon, and Ryan T. Hopper** are attorneys/employees who acted as Wells Fargo's counsel in the foreclosure, participating in filing, maintaining, and leveraging **forged records**, obstructing ADA accommodations, and while Plaintiff was abroad receiving active chemotherapy, Defendants (Wells Fargo through Greenberg Traurig) executed an **ambush scheduling** tactic: they emailed "dates" with **less than 24 hours to respond**, then **unilaterally selected a hearing date** and noticed a **summary-judgment** setting **without ADA accommodations**.. After Plaintiff served a formal **ADA enforcement notice** and reiterated his treatment status (**Apr. 3, 2025** and **May 19, 2025**), Defendants **backed off and the hearing was canceled at the last minute**. The email chain and docket entries show a deliberate effort to force default during medical incapacity and to **deny meaningful access to court**. *(See Ex. D – Timeline of ADA Notices & Retaliatory Suppression; Ex. B – Medical Letters; Ex. A – 3/10/2025 State Order.)*

9. **MERSCORP Holdings, Inc.** operates the Mortgage Electronic Registration Systems (MERS), implicated in chain-of-title irregularities alleged herein.

10. **LPS/Black Knight, Inc.** (document processor) and **Nationwide Title Clearing, Inc.** (document custodian/processor) are Florida-connected entities implicated in **robo-signing and instrument preparation** at issue.

11. **Ocwen Financial Corp.** is a mortgage servicer implicated in the servicing/assignment history at issue.

12. **Doe Notary Agents 1–5** are unidentified notaries whose names/stamps appear on the **contested instruments**.

13. **Doe State Actors 6–10** are court personnel or other public employees who, on information and belief, participated in **e-portal suppression and or other state-action**

**collusion** alleged herein (precise identities to be ascertained).

## IV. FACTUAL ALLEGATIONS

### A. State Court Order Protecting Sale & Possession

14. On **March 10, 2025**, Manatee County Circuit Court issued an order granting Plaintiff **exclusive possession** and **authority to sell** the property, expressly recognizing his **ADA-protected medical hardship**. (Ex. A.)

15. The March 10, 2025 Order remains in force. Yet Wells Fargo continues to cloud title by **maintaining the forged/void assignments** identified in the Certified Forensic Report (**Ex. C**). After receiving Plaintiff's ADA and litigation-hold notices (**Ex. D**), Wells Fargo made **no corrective filing, release, or written assurance**; its silence leaves the cloud in place and **interferes with the court-authorized sale.**

### B. Certified Forensic Proof of Forgery & Chain Breaks

16. Plaintiff obtained a **Certified Forensic Mortgage Fraud Report** documenting: **forged signatures, invalid notarization dates, non-matching recording metadata, backdating, and chain-of-title breaks** across MERS/LPS filings. (Ex. C.)

17. A corroborating chain-irregularities summary identifies **conflicting/overlapping assignments, missing or void releases, and suspicious notary seals** within Manatee County recordings. (Ex. C & integrated summary; see also Ex. D timeline cross-refs.)

### C. ADA Notice, Court-Access Denial & Retaliation

18. During chemotherapy, Plaintiff served **multiple ADA enforcement notices** demanding basic accommodations (Zoom access, e-filing, calendar relief). (Ex. D, Ex. E.)

19. After ADA filings, the foreclosure case **disappeared from the Florida ePortal**; **medical evidence** and enforcement motions were **ignored or suppressed**. (Ex. D, Ex. E.)

20. Plaintiff filed **Florida Bar complaints** and oversight correspondence documenting counsel misconduct and ADA retaliation; proof of certified service is included. (Ex. F.)

### D. Harm

21. **Medical**: Disruptions to care coincided with **metastatic progression**; the cancer spreading to Plaintiff's spine, delay in accessing sale proceeds is now blocking **irreparable** loss of life-saving treatment. (**Ex. B.**)

22. **Financial (Irreparable & Imminent):** The title cloud and forged-lien stance **continue to depress value and block closing, immediately** cutting off the sole funding stream for treatment—harm **money later cannot cure.**

23. **Emotional**: Severe distress/PTSD-level symptoms from retaliation during terminal illness.

---

## V. CAUSES OF ACTION

**Count I — Violation of ADA Title II (42 U.S.C. § 12132)**

(Against **Doe State Actors 6–10**; by **Wells Fargo/GT Law** acting in concert with state actors)

24. *(Against Doe State Actors 6–10; and against Wells Fargo/GT Law under joint-participation state-action theory)*

    Plaintiff is a qualified individual with a disability. He **requested reasonable modifications** to court procedures **on [Apr. 3, 2025] and [May 19, 2025]** to permit Zoom participation, protected scheduling during chemotherapy, and reliable e-filing access (**Ex. D/E**). **Before cancellation following ADA notice**, Doe State Actors had set an **ambush hearing without accommodation**, and the foreclosure case **disappeared from Plaintiff's e-Portal access** after federal-rights notice (**Ex. D/E**). **Wells Fargo/GT Law jointly leveraged** these state-action denials by **leaving forged assignments in place**, thereby **obstructing the state-authorized sale** despite **Ex. A**. This conduct **denies meaningful access to the courts** in violation of Title II (*Tennessee v. Lane*; *Yeskey*).

25. **Doe State Actors previously** denied Plaintiff meaningful access to court by (a) the **e-Portal case access disappearing** after Plaintiff's federal-rights notice, and (b) **ambush hearing settings without accommodation** that were later **canceled only after** Plaintiff served ADA enforcement notices (see **Ex. D**). After those notices (**Apr. 3, 2025** and **May 19, 2025**), **no further hearings were pursued**; however, **Wells Fargo/GT Law continue to benefit from and maintain the cloud on title** by **leaving the forged/void assignments in place**, which **obstructs the state-authorized sale** notwithstanding the March 10, 2025 order (**Ex. A**). Denial of court access violates **ADA Title II** (*Tennessee v. Lane*, 541 U.S. 509; *Yeskey*, 524 U.S. 206), and **private parties**

**jointly participating with the court** act **under color of state law** for § 1983 purposes (*Lugar v. Edmondson Oil*, 457 U.S. 922; *Dennis v. Sparks*, 449 U.S. 24).

**Relief: Declaratory judgment** voiding the forged assignments/quieting title; **compensatory and punitive damages; attorneys' fees and costs** under **42 U.S.C. §§ 12205, 1988**; and **narrow, TRO-consistent injunctive relief** (non-interference with sale; net proceeds to the existing escrow referenced in Ex. A, without further disclosure or conditions).

### Count I-A — ADA Title III (42 U.S.C. § 12182) — Injunctive Relief (Alternative Pleading)

*(Against Wells Fargo Bank, N.A. as a place of public accommodation)*

In the alternative, to the extent the Court deems Title II inapplicable to private defendants, **Wells Fargo**, as a **service establishment, discriminated** by **refusing reasonable policy modifications** (litigation timing/accommodation honoring Plaintiff's medical limitations) and by **maintaining a forged-lien posture that blocks access to essential banking/title services**, thereby **denying equal enjoyment** of services during active chemotherapy. Plaintiff seeks **injunctive relief only** under Title III (policy modification; non-interference with sale; proceeds to escrow as requested in TRO).

**Relief:** Injunction consistent with Count VII/TRO; fees/costs under § 12205.

### Count II — 42 U.S.C. § 1983 (Due Process/Equal Protection)

*(Against **Wells Fargo, GT Law attorneys, and Doe State Actors**)*

26. Defendants, **under color of state law** and in concert with court personnel, **deprived Plaintiff of due process and equal protection** by suppressing filings, blocking access, and proceeding without ADA accommodations. (*Lugar v. Edmondson Oil Co.*, 457 U.S. 922 – private party joint participation/compulsion satisfies state action.)

27. The coordinated use of **forged records** to cloud title while obstructing access to remedies constitutes a constitutional deprivation actionable under § 1983. (Ex. C, D, E, F.)  **Relief:** Compensatory/punitive damages; declaratory and injunctive relief; fees under 42 U.S.C. § 1988.

### Count III — 42 U.S.C. § 1985(2),(3) (Civil Conspiracy)

*(Against **Wells Fargo, GT Law attorneys, and co-conspirators**)*

28. Defendants **agreed** (meeting of the minds) to maintain foreclosure via **forged instruments** and **process manipulation**, with **overt acts** including (i) filing/using forged

assignments; (ii) leveraging e-portal suppression; (iii) setting hearings without accommodation; (iv) ignoring/provoking violation of **Ex. A**. (Ex. C, D, E, F.)
**Relief:** Damages (including punitive); attorney's fees.

### Count IV — Fraud, Forgery & Unlawful Recording

(Against **Wells Fargo, MERSCORP, LPS/Black Knight, NTC, Ocwen, Doe Notaries**)

29. Defendants prepared, executed, or recorded **false and forged instruments** to support foreclosure, in violation of **Fla. Stat. §§ 817.568 (mortgage fraud), 831.01 (forgery), and 695.26 (recording requirements)**. (Ex. C.)

30. The forged/backdated assignments and irregular notarizations **clouded title** and caused the damages alleged. (Ex. C; chain summary.)
**Relief:** Damages; declaration voiding the fraudulent instruments; costs.

   Plaintiff attaches **Exhibit C** and the **Exhibit C Pinpoint Table**, identifying by **title, instrument number, and recorded date** the forged signatures, invalid notarizations, backdating, duplicate assignments, and chain-gap defects that cloud title and invalidate the purported lien (with pinpoint page citations to the Certified Forensic Report)

### Count V — Quiet Title & Declaratory Judgment (28 U.S.C. § 2201; Fla. law)

31. A bona fide dispute exists as to the **validity of the asserted lien/assignments**. Plaintiff seeks a declaration that the **contested instruments are void/voidable** and that Defendants have **no enforceable interest** based on forged or unlawfully recorded documents. (Ex. C; Ex. D.)

### Count VI — Intentional Infliction of Emotional Distress (Florida)

32. Maintaining forged lien claims and exploiting ADA denials against a **terminal cancer patient** is **outrageous** and beyond all bounds of decency; severe emotional distress ensued. (Ex. B, D, E, F.)

### Count VII — Slander of Title (Florida Common Law)

(Against *Wells Fargo, MERSCORP, LPS/Black Knight, NTC, Ocwen*)

32-B. Defendants **published false statements** in the public records by recording and maintaining **forged/void mortgage assignments (see Ex. C) with malice or reckless disregard** for truth, thereby **disparaging Plaintiff's title**. As a **direct result**, Plaintiff suffered **special damages**, including **lost/withdrawn offers, value depression, extended days on market, increased carrying costs, and impeded closing** on a court-authorized sale.

**Relief:** Special damages (including documented price reductions/carry costs), general damages, punitive damages, costs, and declaratory relief quieting title.

### Count VIII — Abuse of Process (Florida)

*(Against Wells Fargo and Greenberg Traurig attorneys)*

32-C. Defendants **used legal process** (hearing notices, foreclosure papers, and recorded instruments) **primarily to coerce leverage during Plaintiff's protected medical window**, rather than to adjudicate a legitimate claim, including **ambush scheduling** while Plaintiff was abroad in chemotherapy and **maintaining forged filings** to cloud title after notice. The **ulterior purpose** was to force default or extract advantage while Plaintiff lacked meaningful access. Plaintiff suffered **pecuniary loss, emotional distress, and litigation costs** as a result.

**Relief:** Compensatory and punitive damages; fees and costs

### Count IX — Injunctive Relief (Preliminary & Permanent)

33. **Injunctive Relief (Enforcement of Existing Order).**

    Plaintiff seeks **enforcement**, not modification, of the **March 10, 2025** state order by (i) **enjoining any interference** with marketing/contracting/closing/title transfer/title insurance for the sale; (ii) **directing that net sale proceeds be deposited into the escrow arrangement referenced in that order, pending final judgment, without further disclosure or conditions**; and (iii) **prohibiting use/recording of the forged instruments** identified in **Ex. C** to cloud title during this action. This **preserves the status quo** and **does not prejudice** any party's lien or merits position and aligns with **Ex. A (state order).**

    **Request for Judicial Notice. Under Fed. R. Evid. 201, Plaintiff requests judicial notice of Ex. A (state order) and the fact of filing/recording of the public-record instruments referenced in Ex. C (without embracing their truth), as well as the existence and dates of Plaintiff's ADA notices and bar-complaint submissions (Ex. D–F).**

    **Litigation Hold & Preservation. Plaintiff requests an order directing all Defendants and their vendors (including MERS/LPS/NTC/servicers) to preserve (and suspend any auto-delete) for all loan files, recording packets, notary logs, e-mail/Teams/Slack messages, and document-assembly system logs (field-level metadata, version histories, audit trails) related to Plaintiff's loan, assignments, and foreclosure, effective immediately.**

## VI. DAMAGES

34. **Compensatory damages: $60,000,000** (medical, financial, emotional, and property-related losses, including market-value depression and sale obstruction).

35. **Punitive damages:** in an amount to punish and deter willful misconduct.

36. **Attorney's Fees (Demanded Amount): $200,000–$250,000** under **42 U.S.C. § 1988** (civil rights) and **42 U.S.C. § 12205** (ADA), plus taxable **costs**.

37. **Pre- and post-judgment interest** as allowed by law.

## VII. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court:

A. Enter **declaratory judgment** that the contested assignments/instruments are **void/voidable** and that Defendants have **no enforceable interest** based on forged/unlawfully recorded documents;

B. Enter **preliminary and permanent injunctions** consistent with Count VII: (1) enjoining any interference with the **state-authorized sale**; (2) directing **net sale proceeds** into an **ADA-protected escrow** during this action; (3) prohibiting further use/recording of the **forged instruments**;

C. Award **compensatory damages** of **$60,000,000** and **punitive damages**;

D. Award **attorney's fees** of **$200,000–$250,000**, plus **costs**;

E. Waive or set **nominal security** under **Fed. R. Civ. P. 65(c)** given Plaintiff's indigence and the narrow, non-prejudicial scope of relief.

F. Set an **expedited hearing** on preliminary injunction within **7–14 days** and retain jurisdiction to enforce sale non-interference orders.

G. Grant such other and further relief as is just and proper.

## VIII. JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

---

### IX. TABLE OF AUTHORITIES (Key Cases & Statutes)

**Cases**

- **Tennessee v. Lane**, 541 U.S. 509 (2004)
  (ADA Title II requires courts and public entities to afford meaningful access to people with disabilities; supports injunctive relief where access to justice is denied.)

- **Pennsylvania Dep't of Corr. v. Yeskey**, 524 U.S. 206 (1998)
  (Title II applies broadly to all activities of public entities—no carve-out for "core" government functions; defeats "ADA doesn't apply here" defenses.)

- **Lugar v. Edmondson Oil Co.**, 457 U.S. 922 (1982)
  (Private parties act "under color of state law" when they jointly participate with state officials; anchors §1983 liability for foreclosure counsel leveraging court machinery.)

- **Dennis v. Sparks**, 449 U.S. 24 (1980)
  (Private parties conspiring with a judge/state actors can be liable under §1983 even if the judge is immune; strengthens the state-action nexus.)

- **Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n**, 531 U.S. 288 (2001)
  ("Entwinement" doctrine—pervasive interdependence between private and state actors satisfies state action.)

- **Hazel-Atlas Glass Co. v. Hartford-Empire Co.**, 322 U.S. 238 (1944)
  (Fraud on the court warrants extraordinary equitable relief; supports voiding forged/ fraud-tainted filings.)

- **Winter v. NRDC**, 555 U.S. 7 (2008)
  (PI/TRO standard: likelihood of success, irreparable harm, balance of equities, and public interest.)

- **Nken v. Holder**, 556 U.S. 418 (2009)
  (Equitable relief factors; clarifies balance-of-equities/public-interest analysis.)

**Statutes & Rules**

- **ADA Title II:** 42 U.S.C. § 12132 (nondiscrimination by public entities); **§ 12133** (remedies); **§ 12205** (fees).

- **Civil Rights:** 42 U.S.C. **§ 1983** (deprivation under color of law), **§ 1985(2),(3)** (conspiracy).

- **Florida Fraud/Forgery/Recording: Fla. Stat. § 817.568** (mortgage fraud); **§ 831.01** (forgery); **§ 695.26** (recording requirements).

- **Declaratory Judgment:** 28 U.S.C. § 2201.

- **Attorney's Fees (Civil Rights):** 42 U.S.C. § 1988.

- **Fed. R. Civ. P. 65** (TRO/Preliminary Injunction), including **Rule 65(b)(1)** (ex parte), **65(c)** (security).

**How they map to Plaintiffs counts**

- **Lane/Yeskey** → Count I (ADA Title II access to courts).

- **Lugar/Dennis/Brentwood** → Counts II–III (§1983/§1985 state-action + conspiracy).

- **Hazel-Atlas** → Count IV (fraud/forgery; equitable voiding).

- **Winter/Nken/Rule 65** → TRO/PI elements and form.

- **Fla. §§ 817.568/831.01/695.26** → Count IV state-law predicates.

- **§ 12205/§ 1988** → Attorneys' fees demand

---

## X. VERIFICATION

I, Carlos Garcia, declare under penalty of perjury that the factual statements herein are true and correct to the best of my knowledge, information, and belief.

Date: 8/14/2025

Carlos Garcia, Pro Se
*Carlos Garcia*
Email:Legal@JusticeEmpires.com
Phone: (415) 323-6499
Mailing Address: 7803 Mathern Court, Lakewood Ranch, FL 34202

---

### INDEX OF EXHIBITS (PHASE 1)

**Exhibit A — State Court Order (Mar. 10, 2025):** Manatee County order granting Plaintiff **exclusive possession** and **authority to sell**, recognizing ADA medical hardship.

**Exhibit B — Medical Certifications:** Oncologist letters and treatment documentation confirming **Gleason 8 metastatic prostate cancer** and **time-sensitive care**.

**Exhibit C — Certified Forensic Mortgage Fraud Report:** Expert findings of **forged signatures, invalid notarizations, backdating,** and **chain-of-title breaks** (MERS/LPS/NTC records).

**Exhibit D — ADA Enforcement Timeline:** Chronology (with dates) of **ADA notices, court filings, hearing requests,** and **retaliatory suppression** (e-portal events, denied accommodations).

**Exhibit E — ADA Notices & Court-Access Evidence:** Filed notices and emails showing **Zoom/e-filing denial, calendar manipulation,** and continued foreclosure efforts **after** ADA notices.

**Exhibit F — Florida Bar Complaints & Oversight Proof:** Certified mail receipts and complaint packets documenting **counsel misconduct** and **retaliation pattern**.

---

### CERTIFICATION

Pursuant to Rule 65(b), Plaintiff certifies that immediate and irreparable injury will result before notice can be given or a hearing held, and this motion is properly brought ex parte. Plaintiff is not represented by counsel and is proceeding in good faith as a pro se litigant.

Respectfully submitted,

Carlos Garcia, Pro Se
*Carlos Garcia*

7803 Mathern Court

Lakewood Ranch, FL 34202

(415) 323-6499
Legal@JusticeEmpires.com