UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLOS GARCIA,

    Plaintiff,

v.                                        Case No. 8:25-cv-2227-TPB-SPF

WELLS FARGO BANK, N.A.,
et al.,

    Defendants.
_____/

## ORDER DENYING IN PART AND DEFERRING IN PART PLAINTIFF'S "EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER"

This matter is before the Court on Plaintiff's "Emergency Motion for Temporary Restraining Order" filed on August 21, 2025. (Doc. 2). After reviewing the motion, court file, and the record, the Court finds as follows:

According to the allegations of Plaintiff's "Verified Complaint for Damages, Declaratory and Injunctive Relief" and motion for a temporary restraining order, filed *pro se*, Plaintiff suffers from terminal cancer and requires medical treatment to prolong his life. His only remaining asset is a house that he wishes to sell to fund his treatments. There is apparently a pending action brought by Wells Fargo to foreclose a mortgage on the house, but Plaintiff does not describe the status of that case in any detail, nor does he allege a judgment has been entered or a foreclosure sale ordered. Plaintiff states that on or about March 13, 2025, he obtained an order in a separate domestic relations proceeding in Manatee County Circuit Court directing Plaintiff's wife to vacate the marital home and authorizing Plaintiff to

Page 1 of 4

occupy the home and to "take all reasonable and necessary steps to immediately sell the marital home for fair market value at a commercially reasonable price." Now five months after obtaining that order, Plaintiff moves for a temporary restraining order from this Court authorizing an immediate sale of the property and deposit of the proceeds in an escrow account, and enjoining Wells Fargo and all purported lienholders from interfering with the contemplated sale.

A district court is authorized to issue a temporary restraining order without notice to the adverse party only in limited emergency circumstances. *See* Fed. R. Civ. P. 65(b); M.D. Fla. Local Rule 6.01. A motion seeking a temporary restraining order must be supported by allegations of specific facts shown in the verified complaint or accompanying affidavits, not only that the moving party is threatened with irreparable injury, but that such injury is so imminent that notice and a hearing on the application for preliminary injunction is impractical. *See Martinez Serna v. Bailey Farms South, LLC*, No. 2:21-cv-237-SPC-MRM, 2021 WL 1060176, at *1-2 (M.D. Fla. Mar. 19, 2021).

Plaintiff has failed to plead or demonstrate that notice and a hearing on the motion is impossible or impractical. Although Plaintiff asserts that he must sell the house immediately to fund cancer treatments, he offers no explanation as to what "immediate" means in this context and fails to state facts showing how or why he is currently prevented from selling the house. Plaintiff alleges he obtained the state court order quoted above in March 2025 but offers no facts showing what efforts he has made to sell the house since then, how he has been prevented from doing so, or

why this matter has become an emergency five months after he obtained the order authorizing the sale. Accordingly, Plaintiff has provided no explanation or supporting evidence to show why formal notice should not be required here and an opportunity to be heard given to Defendants. Absent a showing of true emergency, the Court is not able to address Plaintiff's allegations without input from Defendants.

Because Plaintiff has failed to meet the high burden for the issuance of a temporary restraining order, Plaintiff's "Emergency Motion for Temporary Restraining Order" (Doc. 2) must be denied. Although Plaintiff is not entitled to a temporary restraining order without notice, he may be able to pursue a preliminary injunction, but only once the case has been screened pursuant to 28 U.S.C. § 1915(e)(2). In the event the case is not dismissed following that screening, and Plaintiff is either allowed to proceed *in forma pauperis* or pays the filing fee, the Court will consider entry of a preliminary injunction after Defendants have been served and given an opportunity to respond.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Plaintiff's "Emergency Motion for Temporary Restraining Order" (Doc. 2) is hereby **DENIED** to the extent that Plaintiff seeks a temporary restraining order. To the extent the motion seeks preliminary injunctive relief, ruling is **DEFERRED**.

(2) Once the case is screened pursuant to 28 U.S.C. § 1915(e)(2), if the case is not dismissed, and Plaintiff is either allowed to proceed *in forma pauperis* or pays the filing fee, the Court will enter a further order directing service upon Defendants and will set a preliminary injunction hearing, if appropriate, once Defendants have had an opportunity to respond.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 21st day of August, 2025.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE